# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KARRY L. JENKINS,**
**Claimant Below, Petitioner**

**FILED**
November 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0281** (BOR Appeal No. 2046420)
                            (Claim No. 2009084776)

**AFG INDUSTRIES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Karry L. Jenkins, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. AFG Industries, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 2, 2012, in which the Board affirmed a September 20, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 5, 2010, Order denying Ms. Jenkins's request for a TENS unit for her right shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 8, 2009, Ms. Jenkins was employed as a glass inspector with AFG Industries, Inc. when she injured her right shoulder while pulling samples of flat glass onto a large table. Ms. Jenkins's claim was held compensable for sprain/strain of the shoulder and calcifying tendonitis of the shoulders. On August 5, 2010, the claims administrator denied Ms. Jenkins's request for a TENS unit for her right shoulder.

The Office of Judges held that a preponderance of the evidence failed to establish a need for a TENS unit treatment for Ms. Jenkins's shoulder sprain. Ms. Jenkins disagrees and asserts that the evidence demonstrates that her pain is caused by her shoulder sprain and the calcifying tendonitis of the right shoulder and not by her fibromyalgia. AFG Industries, Inc. maintains that

1

Ms. Jenkins has failed to establish by a preponderance of the evidence the need for an exception to the treatment guidelines. On February 26, 2009, an x-ray of Ms. Jenkins's right shoulder revealed possible calcific tendinitis or bursitis. On November 29, 2009, Ms. Jenkins had a right shoulder MRI at Grafton City Hospital that revealed mild tendinosis. On April 9, 2010, Dr. Sethi found that Ms. Jenkins had reached maximum medical improvement. Dr. Sethi noted that Ms. Jenkins had a history of fibromyalgia and was currently working without restrictions as a breakfast specialist with occasional mild pain in her shoulder. On June 3, 2010, Dr. Thaxton recommended denying authorization of a TENS unit. Based on Dr. Sethi's findings, Dr. Thaxton could not relate the request for a TENS unit to the compensable injury. On July 30, 2010, the StreetSelect Grievance Board agreed with Dr. Thaxton and Dr. Sethi that a TENS unit should not be authorized. On April 11, 2011, Dr. Bender made another request for a TENS unit that reported Ms. Jenkins had sustained a work-related injury on January 8, 2009; that she had been treated conservatively with non-steroidal anti-inflammatory drugs, a trial of joint injections and muscle relaxers; and that only the TENS unit had helped reduce her pain.

The Office of Judges noted that after the AFG Industries Plant closed Ms. Jenkins became a hotel breakfast hostess and worked without any restrictions. It concluded that Ms. Jenkins had a significant history of pre-existing shoulder pain in both shoulders since 1991, due to fibromyalgia. The Office of Judges noted that during an April 9, 2010, independent medical exam by Dr. Sethi, Ms. Jenkins stated that she occasionally had mild pain in the shoulder area. The Office of Judges held that a TENS unit was not medically related or reasonably required treatment for Ms. Jenkin's compensable injury. The Board of Review reached the same reasoned conclusions in its decision of February 2, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II